# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## David S. CANWELL
### Chief Intelligence Specialist (E-7), U.S. Coast Guard

## CGCMS 24464

## Docket No. 1351

## 20 June 2012

Special Court-Martial convened by Commander, Coast Guard Cryptologic Group. Tried at Honolulu, Hawaii, on 17-18 March 2011.

| | |
|---|---|
| Military Judge: | CDR Benes Z. Aldana, USCG |
| Trial Counsel: | LCDR Shanell M. King, USCG |
| Assistant Trial Counsel: | LCDR Sean C. Fahey, USCG |
| Defense Counsel: | LT Robert E. Long, JAGC, USN |
| Assistant Defense Counsel: | LT Dominic J. Antenucci, JAGC, USN |
| Appellate Defense Counsel: | LT Kate J. Grossman, USCGR |
| | LCDR Jeffery S. Howard, USCG |
| | LCDR Paul R. Casey, USCG |
| Appellate Government Counsel: | LCDR Vasilios Tasikas, USCG |

### BEFORE
### McCLELLAND, McTAGUE & HAVRANEK
Appellate Military Judges

McTAGUE, Judge:

Appellant, a chief petty officer, was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of five specifications of failure to obey an order or regulation, in violation of Article 92, Uniform Code of Military Justice (UCMJ); two specifications of making false official statements, in violation of Article 107, UCMJ; six specifications of wrongful use, possession, manufacture, importation, or introduction into an installation of the armed forces, of controlled substances, in violation of Article 112a, UCMJ; two specifications of malingering, in violation of Article 115, UCMJ; one specification of larceny, in violation of Article 121, UCMJ; two specifications of making false signatures, one specification of violating 18 U.S.C. §922(g)(3) by possessing a firearm

while addicted to a controlled substance, and one specification of violating Hawaii Revised Statutes §134-52 by wrongfully possessing switchblades, all in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for one year, and reduction to E-1. The Convening Authority approved the sentence as adjudged.

Before this Court, Appellant asserts that the military judge should have been disqualified because trial counsel and the military judge were to be assigned to the same unit following trial.

Here is how the military judge and counsel addressed the subject on the record:

MJ: I am not aware of any matters that would provide a basis for challenge. However, I do want to--I do want the record to reflect that Lieutenant Commander Fahey, who is the assistant trial counsel, and I have both recently been assigned to the same command at our next permanent duty station at U.S./Africa [sic] Command. Does either counsel want to ask me any questions or propose a challenge?

TC: The government has nothing, sir.

DC: Just one question, sir. Do you feel that, based on the relationship and going to the next command with Lieutenant Fahey, that that will impair your ability to handle this case fairly?

MJ: No, it does not.

DC: We have nothing, sir.

(R. at 6.)

Appellant avers that it was plain error for the military judge not to recuse himself because "[i]t would be reasonable to conclude that the two men would, consciously or unconsciously, work to please each other in the interest of protecting that future relationship." (Assignment of Errors and Brief at 3). Appellant also argues that "the military judge's own divulgence of his future working relationship with the assistant trial counsel, coupled with the small size of the Coast Guard legal community would lead 'a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" (Reply on Behalf of Appellant at 1.)

The record is silent as to the military judge's and the assistant trial counsel's future billet assignments at U.S. Africa Command or whether there would be a future supervisory relationship

2

between the two. It is clear that, at the time of trial, the military judge was a Commander (O-5) and the assistant trial counsel was a Lieutenant Commander (O-4).

Appellant offers no evidence of actual bias, so his argument depends on the appearance of bias standard. Rule for Courts–Martial 902(a) requires that "a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." Rule for Courts-Martial (R.C.M.) 902(a), Manual for Courts-Martial, United States (2008 ed.). While a judge should "broadly construe" possible reasons for disqualification, he should not recuse himself unnecessarily. R.C.M. 902(d)(1) Discussion. There is a strong presumption that a military judge is impartial. *United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001).

Military judges typically outrank counsel and may serve in a superior-subordinate relationship in the future, so they "must be particularly sensitive to applicable standards of judicial conduct." *United States v. Butcher*, 56 M.J. 87, 91 (C.A.A.F. 2001). The record demonstrates that the military judge was commendably attuned to the future assignment issue because he raised it *sua sponte*. Defense counsel inquired into the matter, was satisfied with the military judge's answer and chose not to pursue it further. Under the circumstances, we do not believe that a member of the public would reasonably perceive the military judge as being biased in favor of the prosecution because of the lower-ranking assistant trial counsel's assignment to the same command some time in the future. No error was committed.

Before leaving this case, we note that Specification 4 of Charge VI alleges violation of a state statute, but does not allege violation of 18 U.S.C. 13, the "Assimilated Crimes Act," as the military judge called it, or its additional element that the conduct took place within federal jurisdiction. The military judge explained to Appellant that under this federal statute, an element of the offense is "that the offense must have been committed at an exclusive or concurrent federal jurisdiction." (R. at 196.) He also took judicial notice that "Army Schofield Barracks," where Appellant admitted the offense took place, "is either exclusive or concurrent jurisdiction." (R. at 197.)

A specification must allege every element of the charged offense expressly or by necessary implication. R.C.M. 307(c)(3); *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011). A charge that is defective because it fails to allege an element of an offense, if not raised at trial, is tested for plain error. *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012).

We will assume, without deciding, that Specification 4 of Charge VI fails to allege an element, even by necessary implication. This is a guilty plea, and no objection was raised to the sufficiency of the specification. The missing element was adequately covered in the providence inquiry. Consistent with Article 59(a) and *Ballan*, we hold that there was no prejudice to Appellant's substantial rights from the absence of 18 U.S.C. 13 in the specification. *See Ballan*, 71 M.J. at 35.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge HAVRANEK concur.

For the Court,



L. I. McClelland
Chief Judge