# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant KIRBY B. MOSES**
**United States Army, Appellant**

ARMY 20090247

Headquarters, U.S. Army Air Defense Artillery Center and Fort Bliss
Michael J. Hargis, Military Judge
Lieutenant Colonel Newt Hill, Acting Staff Judge Advocate

For Appellant:  William E. Cassara, Esquire; Captain Todd Lindquist, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Major Kirsten M. Dowdy, JA; Captain Stephen E. Latino, JA (on brief).

16 October 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of aggravated sexual abuse of a child, simple assault with an unloaded firearm (two specifications), burglary, indecent assault, and indecent acts with a child, in violation of Articles 120, 128, 129, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 928, 934 (2000); 10 U.S.C. §§ 920, 929 (2006 & Supp. I 2007).  The panel sentenced appellant to a dishonorable discharge, confinement for seventeen years, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence and credited the appellant with 213 days of confinement credit against the sentence to confinement.

On 27 May 2011, this court issued a memorandum opinion in this case, setting aside the finding of guilty for the offense of indecent assault in the Specification of Charge II, but affirming a finding of guilty for the lesser included offense of assault consumated by battery for that same specification. *United States v. Moses*, ARMY 20090247, 2011 WL 2206659 (Army Ct. Crim. App. 27 May 2011) (mem. op.).  This court also affirmed the remaining findings of guilty, and upon reassessment,

affirmed the sentence. *Id.* On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). *United States v. Moses*, 70 M.J. 357 (C.A.A.F. 2011). On 23 January 2012, after a review of the case under *Fosler*, this court issued a memorandum opinion in which we again affirmed a finding of guilty for the lesser included offense of assault consumated by battery for the Specification of Charge II, affirmed the remaining findings of guilty, and upon reassessment, affirmed the sentence. *United States v. Moses*, ARMY 20090247, 2012 WL 243758 (Army Ct. Crim. App. 23 Jan. 2012) (mem. op.).

On 10 July 2012, our superior court reversed the portion of our decision as to Specification 1 of Charge VI, and as to the sentence, and affirmed our decision as to the remaining charges and specifications. *United States v. Moses*, 71 M.J. 351 (C.A.A.F. 2012). The court returned the record of trial to The Judge Advocate General of the Army for remand to this court upon consideration of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *Id.* at 352. Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

In Specification 1 of Charge VI, appellant was charged with indecent acts with a child between on or about 3 October 2003 and on or about 30 September 2007, under the then-existing provision of Article 134, UCMJ. *See Manual for Courts-Martial*, *United States*, (2002 ed.), pt. IV, ¶ 87.b., *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007). The specification fails to allege the terminal elements of prejudice to good order and discipline or service-discrediting conduct. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), it was error to omit the terminal elements from this specification.

Under the totality of the circumstances in this case, we conclude that the omission of the terminal elements from the indecent acts specification materially prejudiced appellant's substantial right to notice. UCMJ art. 59(a); *Humphries*, 71 M.J. at 215 (requiring a showing that "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice"). There is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element and the evidence was controverted as to at least one clause of Article 134, UCMJ. *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))). Accordingly, we are compelled to disapprove the finding of guilt as to the Article 134, UCMJ, offense previously affirmed.

Considering the above, we are unable to reassess the sentence in this case. Setting aside the Article 134, UCMJ, indecent acts conviction, which encompasses multiple instances of child molestation occurring over a long time-period, precludes a confident reassessment of the sentence in consideration of the remaining offenses. Therefore, a rehearing on sentence is authorized.

## CONCLUSION

On consideration of the entire record, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), the finding of guilty of Specification 1 of Charge VI is set aside and that specification is dismissed without prejudice, for there is no bar to a new trial on the underlying misconduct. A new trial may take place under the jurisdiction of the same or different convening authority. In addition, the same or a different convening authority may order a rehearing on sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court