# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant PATRICK A. FAUST**
**United States Army, Appellant**

ARMY 20090080

Headquarters, 4th Infantry Division (Mechanized) and Fort Carson
Jeffery R. Nance and Gregg A. Marchessault, Military Judges
Lieutenant Colonel Tania M. Martin, Staff Judge Advocate (pretrial)
Colonel Randy T. Kirkvold, Staff Judge Advocate (post-trial)

For Appellant: Captain James S. Trieschman, Jr., JA (argued); Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Lieutenant Colonel Scott R. Lawson, JA (on brief); Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA.

For Appellee: Captain Steve T. Nam, JA (argued); Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Christopher B. Witwer, JA (on brief).

8 January 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to mixed pleas, of conspiracy to commit extortion, conspiracy to commit bribery (two specifications), disobeying a superior commissioned officer, violating a lawful general order, larceny,[1] extortion (four specifications), and bribery (two specifications), in violation of Articles 81, 90, 92, 121, 127, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 890, 892, 921, 927, 934 (2006) [hereinafter

---

[1] The promulgating order incorrectly reflects that appellant was convicted of two specifications of larceny: Specifications 1 and 2 (both as renumbered) of Additional Charge II (as redesignated). However, appellant was found not guilty of Specification 1 (as renumbered) of Additional Charge II (as redesignated). The promulgating order is hereby corrected accordingly.

UCMJ].  The court sentenced appellant to a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1.[2]  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for twenty-eight months, and reduction to the grade of E-1.  Appellant was credited with six days of confinement credit against the sentence to confinement.

On 21 November 2011, this court issued a decision in this case, summarily affirming the findings and sentence.  *United States v. Faust*, ARMY 20090080 (Army Ct. Crim. App. 21 Nov. 2011).  On 11 July 2012, our superior court reversed the portion of our decision as to Specifications 1 and 2 of Charge V, and as to the sentence, and affirmed our decision as to the remaining charges and specifications.  *United States v. Faust*, 71 M.J. 360 (C.A.A.F. 2012).  The court returned the record of trial to The Judge Advocate General of the Army for remand to this court upon consideration of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).  *Id.*  Consequently, appellant's case is once again before this court for review under Article 66, UCMJ.

In Specifications 1 and 2 of Charge V, appellant was charged with bribery in violation of Article 134, UCMJ.  *See Manual for Courts-Martial*, *United States* (2008 ed.), pt. IV, ¶ 66.b.  The bribery specifications fail to allege the terminal elements of prejudice to good order and discipline or service-discrediting conduct.  Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *Humphries*, it was error to omit the terminal elements from these specifications.

Under the totality of the circumstances in this case, we conclude that the omission of the terminal elements from the bribery specifications materially prejudiced appellant's substantial right to notice.  UCMJ art. 59(a); *Humphries*, 71 M.J. at 215.  There is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element, and the evidence was controverted as to at least one clause of Article 134, UCMJ.  *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))).  Accordingly, we must disapprove the findings of guilty as to the Article 134, UCMJ, bribery offenses previously affirmed.

However, we are confident "that, absent any error, the sentence adjudged would have been of at least a certain severity."  *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).  In this case, the penalty landscape is minimally changed, as

---

[2] The promulgating order incorrectly states that the court also adjudged a forfeiture of all pay and allowances.  The promulgating order is hereby corrected accordingly.

appellant would face a maximum sentence to confinement of twenty-six years for the remaining charges.[3] In addition, the facts concerning the bribery specifications herein set aside would nonetheless have been before the military judge, because appellant was also charged with and convicted of a conspiracy to commit those very same bribery offenses. Therefore, in light of the remaining charges and their serious nature, we are confident the court would have adjudged a sentence of at least a bad-conduct discharge, confinement for twenty-eight months, and reduction to the grade of E-1.

### CONCLUSION

On consideration of the entire record, and in light of *Humphries*, the findings of guilty of Specifications 1 and 2 of Charge V, and Charge V, are set aside and those specifications are dismissed without prejudice. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] The military judge merged three of the four extortion specifications for sentencing purposes, and he separately merged the two conspiracy to commit bribery offenses for sentencing purposes.