# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BOBBY D. MORRISSETTE**
**United States Army, Appellant**

ARMY 20090166

7th Army Joint Multinational Training Command
Timothy Grammel, Military Judge
Lieutenant Colonel Jonathan Howard, Acting Staff Judge Advocate

For Appellant:  Captain Barbara Snow-Martone, JA (argued); Major Bradley Voorhees, JA; Captain Jeremy Stephens, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA.

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on brief).

19 February 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial convicted appellant, contrary to his pleas, of disobeying a commissioned officer, wrongful use of a controlled substance, obstructing justice (two specifications), participating in a gang initiation (two specifications), and indecent acts in violation of Articles 90, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 912a, 934 (2006) [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge and confinement for forty-two months.  The convening authority approved the adjudged sentence.

On 22 December 2010, we set aside and dismissed the Specification of The Additional Charge and The Additional Charge (wrongful use of a controlled substance), affirmed the remaining findings of guilty, and reduced appellant's approved sentence to confinement by one month.  *United States v. Morrissette*, ARMY 20090166, 2010 WL 5677920 (Army Ct. Crim. App. 22 Dec. 2010)

(mem. op.). On 24 January 2012, the Court of Appeals for the Armed Forces (CAAF) affirmed our decision, except with regard to the findings of guilty to Charge III, Specifications 4, 5, and 6, and the sentence. *United States v. Morrissette*, 70 M.J. 431, 442 (C.A.A.F. 2012). Our superior court vacated our decision as to those specifications and remanded the record to us for further consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and for reassessment of the sentence, or if appropriate, for the ordering of a rehearing on sentence. *Id.* at 443.

On 10 May 2012, after a review of the case under *Fosler*, this court again affirmed the findings of guilty to Specifications 4, 5, and 6 of Charge III. *United States v. Morrissette*, ARMY 20090166, 2012 WL 1801828 (Army Ct. Crim. App. 10 May 2012) (summ. disp.). We again reassessed the sentence and affirmed a sentence to a bad-conduct discharge and confinement for forty-one months. *Id.* On 6 August 2012, CAAF again vacated our decision as to Specifications 4, 5, and 6 of Charge III, and as to the sentence, and affirmed our decision as to the remaining charges and specifications. *United States v. Morrissette*, 71 M.J. 374 (C.A.A.F. 6 Aug. 2012) (summ. disp.). The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further review in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is before this court for the third time.

In Specifications 4 and 5 of Charge III, appellant was charged with obstructing justice. In Specification 6 of Charge III, appellant was charged with an indecent act, under the then-existing provision of Article 134, UCMJ. *See Manual for Courts-Martial*, *United States*, (2002 ed.), pt. IV, ¶ 87.b., *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007). These specifications all fail to allege the terminal elements of prejudice to good order and discipline or service-discrediting conduct. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), it was error to omit the terminal elements from these specifications.

Under the totality of the circumstances in this case, we conclude that the omission of the terminal elements from these specifications materially prejudiced appellant's substantial right to notice. UCMJ art. 59(a); *Humphries*, 71 M.J. at 215 (requiring a showing that "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice"). There is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element and the evidence was controverted as to at least one clause of Article 134, UCMJ. *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing

MORRISETTE—ARMY 20090166

*United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))).  Accordingly, we are compelled to disapprove the findings of guilty as to Specifications 4, 5, and 6 of Charge III.

Finally, we conclude that we are unable to reassess the sentence in this case following dismissal of Specifications 4, 5, and 6 of Charge III.  Setting aside these three specifications—which encompass half of the offenses of which appellant was convicted and a significant portion of the potential maximum sentence to confinement—precludes a confident reassessment of the sentence.  *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).  Therefore, a rehearing on sentence is authorized.

## CONCLUSION

On consideration of the entire record, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), the findings of guilty of Specifications 4, 5, and 6 of Charge III are set aside and those specifications are dismissed without prejudice, for there is no bar to a new trial on the underlying misconduct.  A new trial may take place under the jurisdiction of the same or different convening authority.  In addition, the same or a different convening authority may order a rehearing on sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3