# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Carlos RESENDEZ
### Information Systems Technician Chief Petty Officer (E-7), U.S. Coast Guard

### CGCMS 24892
### Docket No. 1378

### 13 August 2014

Special Court-Martial convened by Commander, Coast Guard Force Readiness Command. Tried at Norfolk, Virginia, on 26 September 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LT Elizabeth A. Oliveira, USCGR |
| Assistant Trial Counsel: | LCDR Austin D. Shutt, USCG |
| Civilian Defense Counsel: | Mr. Keith Scherer |
| Civilian Defense Counsel: | Mr. Greg Gagne |
| Detailed Defense Counsel: | LT Jeanne W. Murray, JAGC, USN |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Jonathan C. Perry, USCGR |
| Appellate Government Counsel: | LT Frances S. Johnson-Gillion, USCGR |

### BEFORE
### McCLELLAND, HAVRANEK & CLEMENS[1]
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating a general regulation, in violation of Article 92, Uniform Code of Military Justice (UCMJ); six specifications of maltreatment, in violation of Article 93, UCMJ; and one specification of adultery, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for twelve months, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence. The pretrial agreement did not affect the sentence.

---

[1] Judge Clemens did not participate in this opinion.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We note that the adultery specification of which Appellant was convicted is defective. It does not include an allegation that either party was married.

A specification must allege every element of the charged offense expressly or by necessary implication. Rule for Courts-Martial (R.C.M.) 307(c)(3), Manual for Courts-Martial, United States (2008 ed.); *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011). A charge that is defective because it fails to allege an element of an offense, if not raised at trial, is tested for plain error. *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012).

No objection was raised to the sufficiency of the specification. After pleading guilty, Appellant was informed of the elements of adultery, including that at the time of having sexual intercourse with the other party, "you were married to another." (R. at line 1237.) He stated that he understood the elements. (R. at 1251.) He admitted that he was married to someone else, and did have a marriage certificate. (R. at 1288-96.) Consistent with Article 59(a) and *Ballan*, we hold that there was no prejudice to Appellant's substantial rights from the absence of any allegation that he was married. *See Ballan*, 71 M.J. at 35. Accordingly, there is no plain error.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

L. I. McClelland
Chief Judge

2