# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40060**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Juan A. MURILLO**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 September 2021

————————————

*Military Judge:* Bryon T. Gleisner (arraignment); Mark W. Milam (trial).

*Sentence:* Sentence adjudged on 13 January 2021 by GCM convened at Dover Air Force Base, Delaware. Sentence entered by military judge on 16 February 2021: Bad-conduct discharge, confinement for 12 months, reduction to E-1, and a reprimand.

*For Appellant:* Lieutenant Colonel Kirk W. Albertson, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of damage to personal property, in violation of Article

109, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 909, and five specifications of assault consummated by battery of an intimate partner, in violation of Article 128, UCMJ, 10 U.S.C. § 928.* The military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, reduction to the grade of E-1, and a reprimand. The convening authority approved Appellant's sentence in its entirety.

This case was submitted for our review on its merits without assignment of error. However, in our review under Article 66, UCMJ, 10 U.S.C. § 866, we identified an issue in the post-trial processing with the signed entry of judgment (EoJ), specifically related to Specification 5 of Charge II. This specification initially alleged that Appellant did, at or near Dover Air Force Base, Delaware, on or about 19 February 2020, "unlawfully place his *hands* on the throat of [PR], an intimate partner of the Appellant, and strangle her." (Emphasis added). At issue is the word "hands."

After arraignment, but before Appellant entered his pleas, trial counsel advised the military judge that the Government intended to strike the "s" from "hands," to allege that Appellant "unlawfully place[d] his *hand*, singular." (Emphasis added). This change was the result of negotiations between the Government and the Defense while discussing the plea agreement and stipulation of fact. Trial counsel believed this to be a major change. Unsure if this was in fact a major change, the military judge asked trial defense counsel, "If it [is] a major change, do you have any objection to waiving that major change, Captain [ER]?" Trial defense counsel had no objection to the change. The military judge also asked Appellant if he was "comfortable with what we've been discussing?" Appellant responded he was. Trial counsel stated the change would be made at the next break in the court-martial.

However, in our review of the record of trial we noted the pen-and-ink change to the charge sheet was never made, and the EoJ does not reflect that the "arraigned offense" stated "hands," but that the "s" in "hands" was stricken after arraignment. Regardless of whether this was a major or minor change pursuant to Rule for Courts-Martial (R.C.M.) 603, the military judge asked trial defense counsel if he had any objection to the change, and counsel waived any objection to the change and immediately proceeded to entry of Appellant's pleas. Appellant's providence inquiry on this specification also corresponds with this amendment and makes it clear that all parties proceeded through the court-martial relying upon this amendment. *See United States v. Ballan*, 71 M.J. 28, 32 (C.A.A.F. 2012) (finding the appellant agreed to a major change in the charge sheet by not objecting to the change, proposing the change in his

---

* References in this decision to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

pretrial agreement, explaining to the military judge why he was guilty before the plea was accepted, and by benefitting from the change, even though the charge sheet was not physically amended); *see also United States v. Wareham*, No. ACM 38820, 2016 CCA LEXIS 609, at *10–11 (A.F. Ct. Crim. App. 20 Oct. 2016) (unpub. op.) (relying on *Ballan* to find the appellant's "actions as agreeing to an amendment to the charge and specification even though the charge sheet itself was not physically amended").

Although Appellant has not claimed any error or prejudice, we do find error with the EoJ. The EoJ should be corrected to properly reflect (1) that at arraignment, Specification 5 of Charge II alleged "hands" rather than "hand," and (2) that the "s" from the word "hands" in Specification 5 of Charge II was stricken after arraignment. We direct the Chief Trial Judge, Air Force Trial Judiciary, to detail a military judge to correct the EoJ to reflect this change after arraignment, prior to completion of the final order under R.C.M. 1209(b) and Air Force Instruction 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019).

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court