# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32737**

————————————

**UNITED STATES**
*Appellee*

**v.**

**John L. WALKER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 August 2023

————————————

*Military Judge*: Shad R. Kidd.

*Sentence*: Sentence adjudged 16 June 2022 by GCM convened at Peterson Space Force Base, Colorado. Sentence entered by military judge on 18 July 2022: Bad-conduct discharge, confinement for 120 days, and reduction to E-1.

*For Appellant*: Major Heather M. Caine, USAF.

*For Appellee:* Colonel Naomi P. Dennis, USAF; Lieutenant Colonel G. Matt Osborne, USAF; Major Morgan R. Christie, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, CADOTTE, and ANNEXSTAD, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

At a special court-martial, a military judge convicted Appellant, in accordance with his pleas, and pursuant to a plea agreement, of one charge and one specification of reckless operation of a vehicle, and one charge and three specifications of domestic violence in violation of Articles 113 and 128b, Uniform

Code of Military Justice (UCMJ), 10 U.S.C. §§ 913, 928b.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-1. The convening authority took no action on the sentence.

## I. BACKGROUND AND DISCUSSION

Appellant raises three issues: whether (1) a provision in Appellant's plea agreement providing that dismissal of certain charges and specifications would only ripen into dismissal with prejudice upon "the guilty findings in accordance with [his] plea being affirmed on final appellate review" is void or otherwise unenforceable; (2) a provision in Appellant's plea agreement requiring the military judge to adjudge a bad-conduct discharge violates Appellant's constitutional rights or otherwise is unenforceable; and (3) Appellant is entitled to relief because the charge of domestic violence was not referred by the convening authority.[2]

With respect to issue (1) we find Appellant is not entitled to relief. *See, e.g.*, *United States v. Goldsmith*, No. ACM 40148, 2023 CCA LEXIS 8, at *15 (A.F. Ct. Crim. App. 11 Jan. 2023) (unpub. op.) (finding plea agreement term—requiring the convening authority to dismiss the additional charges and specifications with prejudice "upon completion of appellate review where the findings and sentence have been upheld"—is permissible because it does not violate law or public policy).

With respect to issue (2) we find Appellant is not entitled to relief. *See, e.g.*, *United States v. Geier*, ACM S32679 (f rev), 2022 CCA LEXIS 468, at *13 (A.F. Ct. Crim. App. 2 Aug. 2022) (unpub. op.) (finding "plea agreement provision requiring a military judge or court members to sentence [a]ppellant to a bad-conduct discharge" did not violate the United States Constitution, UCMJ, or public policy).

As to issue (3), we have carefully considered Appellant's contentions and find they do not warrant relief. *See United States v. Ballan*, 71 M.J. 28, 32 (C.A.A.F. 2012) (finding that a convening authority's entry into a plea agreement was the functional equivalent of a referral order).

---

[1] All references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Issue (3) was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## II. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court