# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ANTHONY P. KNOWLAND**
**United States Army, Appellant**

ARMY 20071405

Headquarters, United States Army Alaska
Debra L. Boudreau and Grant C. Jaquith, Military Judges
Lieutenant Colonel Jeffery D. Pedersen, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Candace N. White Halverson, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Sara M. Root, JA; Major Jennifer H. McGee, JA (on brief).

30 August 2012

--------------------------------------------------------
SUMMARY DISPOSITION UPON REMAND
--------------------------------------------------------

Per Curiam:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape and one specification of adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for thirty-six months, and reduction to the grade of Private E-1. The convening authority approved the adjudged sentence and granted appellant's request to defer forfeiture until action and granted appellant's request to waive automatic forfeitures for six months.

On 24 February 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). On 16 December 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. On 10 July 2012, our

superior court reversed our decision as to Charge II and its Specification and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

Appellant's conviction for adultery was charged as an Article 134, UCMJ, offense and the specification fails to allege the terminal elements of prejudice to good order and discipline or service-discrediting conduct. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), it was error to omit the terminal elements from this specification. However, appellant did not object to the form of this specification at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error— which, in most cases will turn on the question of prejudice." *Humphries*, 71 M.J. at 213–14 (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Humphries*, 71 M.J. at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

In *Humphries*, our superior court found the appellant was prejudiced where the record was devoid of any evidence as to "which terminal element or theory of criminality the Government pursued." *Id.* at 216. In contrast to *Humphries*, there is ample evidence in the record in this case that appellant was on notice of the terminal elements. Appellant's defense counsel, in his opening statement, posited that while appellant's misconduct was adultery, it was not criminal adultery "because there was not prejudice to good order and discipline at that time." Later, in its closing argument, the trial counsel pointed out that the conduct was clearly prejudicial to good order and discipline. The trial defense counsel in closing argument returned to their theory that there was adultery, but it was not criminal. Directing the members to pay close attention to the military judge's instructions as to the elements necessary for adultery to be criminal, the trial defense counsel listed the factors to consider in determining if the conduct was prejudicial to good order and discipline or service discrediting. Finally, he voiced no objection to the military judge's instructions as to the terminal elements.

Under the facts of this case, we are convinced that the record of trial demonstrated appellant had sufficient notice of the terminal elements and the theory of criminality pursued by the government. *See Humphries*, 71 M.J. at 216 (finding that "[n]either the specification nor the record provides notice of which terminal

element or theory of criminality the Government pursued in this case"). Therefore, appellant did not suffer prejudice from the omission of the terminal elements in Charge II and its Specification and the error did not amount to plain error.

However, even assuming arguendo that appellant was prejudiced by the defective adultery specification, we would reverse appellant's conviction for adultery and dismiss the defective specification. We would then reassess the sentence. In order to reassess, we must be confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). *See United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring in the result). In this case, appellant would remain convicted of the most significant offense, rape, with the maximum possible punishment, confinement for life without the possibility of parole, unchanged. Additionally, the military judge held that the rape and the adultery specifications were multiplicious for sentencing purposes and instructed the members that they must consider the two offenses as one offense in fashioning a sentence. Accordingly, we are confident the court would still have adjudged a sentence of at least a dishonorable discharge and confinement for three years.

## CONCLUSION

On consideration of the entire record and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we hold the findings of guilty as to Charge II and its specification and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court