# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 JONNE T. WEGLEY**
**United States Army, Appellant**

ARMY 20100744

Headquarters, U.S. Army Maneuver Center of Excellence
James L. Pohl and Stephen E. Castlen, Military Judges
Colonel Mary M. Foreman, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Major Christopher S. Glascott, JA (on brief).

31 October 2012

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of malingering and soliciting another to commit an offense in violation of Articles 115 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 915, 934 (2006) [hereinafter UCMJ].  The military judge also acquitted appellant of maiming and conspiracy to commit maiming, but convicted appellant, contrary to his pleas, of the lesser-included offenses of assault consummated by a battery and conspiracy to commit an assault consummated by a battery in violation of Articles 128 and 81, UCMJ, 10 U.S.C. §§ 928, 881 (2006).  The military judge sentenced appellant to a dishonorable discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the dishonorable discharge, confinement for four months, forfeiture of $968.00 pay per month until appellant's discharge is executed, and reduction to the grade of E-1.

This case is before this court for review under Article 66, UCMJ. Appellant raised the following assignment of error:

> WHEN THE GOVERNMENT FAILS TO ALLEGE AN
> ARTICLE 134 TERMINAL ELEMENT, THE CHARGE
> FAILS TO STATE AN OFFENSE UNLESS THE
> TERMINAL ELEMENT CAN BE "NECESSARILY
> IMPLIED" FROM THE LANGUAGE OF THE
> SPECIFICATION. SINCE THE MISSING TERMINAL
> ELEMENTS FROM THE SPECIFICATION OF CHARGE
> I CANNOT BE NECESSARILY IMPLIED FROM THE
> TEXT, CHARGE I IS FATALLY DEFECTIVE AND
> MUST BE DISMISSED.

We agree and grant relief in our decretal paragraph. Furthermore, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant raises various claims of error. While none of these claims merits relief, one does warrant brief discussion.

## LAW AND DISCUSSION

As drafted, the Specification of Charge I simply charged appellant with wrongfully soliciting another basic trainee "to shoot the said PVT Jonne T. Wegley in the leg." This specification did not allege a "terminal element" of an Article 134, UCMJ, clause one or clause two offense, specifically, whether appellant's conduct was prejudicial to good order and discipline or service discrediting.

This terminal element was not included either explicitly or by necessary implication. Pursuant to our superior court's decisions in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), this specification was defective and constituted plain and obvious error. Turning to whether this error materially prejudiced appellant's substantial right to notice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215–16 (citations omitted).

The first reference of the terminal element of the Article 134, UCMJ, charge occurred when the military judge mentioned it during a discussion of appellant's Rule for Courts-Martial 917 motion after the government's case-in-chief. Even then, appellant's defense counsel showed that their focus was elsewhere as they responded:

> Well, Your Honor—and the court raises a good point I guess. You know, the element—the third element of that, if I'm not mistaken, is that it has to be to the prejudice of good order and discipline. Am I looking at the correct charge?

Accordingly, a close reading of the record does not convince us that appellant was provided proper notice of the terminal elements or which clause(s) of that terminal element the government relied on.

The notice problem of this specification was compounded by the fact that all parties treated this as a solicitation to commit aggravated assault with a dangerous weapon, specifically a loaded firearm. However, the plain language of the specification merely alleges solicitation of a "shooting."[*] None of the aggravators such as "means or force likely to produce death or grievous bodily harm" or "loaded firearm" is expressly alleged.

Because the Specification of Charge I constituted plain and obvious error and resulted in material prejudice to appellant's substantial right to notice, appellant's conviction for soliciting another to commit an offense cannot stand.

**GROSTEFON ISSUE**

Generally, while consent is not a defense to aggravated assault, it remains a defense to simple battery as it typically turns what would otherwise be an offensive and wrongful touching to a lawful one. However, the consent must be lawful and one society is willing to recognize. *See United States v. Bygrave*, 46 M.J. 491 (C.A.A.F. 1997). In the case of a basic trainee consenting to another basic trainee intentionally shooting him in the leg with a government issued rifle in order to get out of the Army and receive disability, the conviction for unlawful battery is factually and legally sufficient. *See United States v. Arab*, 55 M.J. 508, 516 (Army Ct. Crim. App. 2001) (identifying that consent "does not render what would otherwise be a battery lawful under all circumstances" because public policy concerns can affect the lawfulness of a touching and recognizing the military and governmental interest in protecting its members from injury or harm).

---

[*] The Specification of Charge I provided "In that PVT (E-1) Jonne T. Wegley, U.S. Army, did, at or near Fort Benning, Georgia, on or about 11 May 2009, wrongfully solicit PVT (E-1) [WH] to shoot the said PVT Jonne T. Wegley in the leg."

**CONCLUSION**

On consideration of the entire record, the finding of guilty of Charge I and its Specification is set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for two months, forfeiture of $968.00 pay per month until appellant's discharge is executed, and reduction to the grade of E-1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court