# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER P. KILBURN**
**United States Army, Appellant**

ARMY 20100917

Headquarters, Fort Riley
Susan Arnold, Military Judge
Lieutenant Colonel Robert A. Borcherding, Staff Judge Advocate (pretrial)
Colonel Michael L. Smidt, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief); Major Jacob D. Bashore, JA (reply brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

30 November 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of false official statement (two specifications), wrongful making of false military identification cards, and wrongful gifting of a false military identification card, in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 934 (2006) [hereinafter UCMJ]. The military judge convicted appellant, contrary to his pleas, of desertion terminated by apprehension, wrongful use of a false military identification card with intent to deceive, and wrongfully carrying concealed weapons in violation of Articles 85 and 134, UCMJ, 10 U.S.C. §§ 885 and 934 (2006).[1]

---

[1] Appellant pleaded guilty to the lesser offenses of absence without leave in excess of thirty days and wrongful use of a false military identification card without intent to deceive in violation of Articles 86 and 134, UCMJ.

KILBURN – ARMY 20100917

The military judge sentenced appellant to a bad-conduct discharge, confinement for forty months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority (CA) approved only so much of the sentence as provided for a bad-conduct discharge, confinement for forty months, and reduction to the grade of E-1. The CA credited appellant with 149 days of confinement credit against the sentence to confinement. The CA deferred forfeitures of pay and allowances, effective 15 November 2010, and waived automatic forfeiture of pay and allowances for six months, effective 26 April 2011.

This case is before this court for review under Article 66, UCMJ. Appellant raises two assignments of error through counsel, the second of which[2] bears discussion and relief.

## LAW AND DISCUSSION

*Specifications 1 - 2 of Charge III*

The elements of a crime under clause 1 or 2 of Article 134, UCMJ are that (1) the accused engaged in certain conduct, and (2) that the conduct was prejudicial to good order and discipline or service discrediting. *See Manual for Courts-Martial*, *United States*, (2008 ed.), pt. IV, ¶ 66.b(1)(e).

We note that Specifications 1 and 2 of Charge III, setting forth violations of Article 134, UCMJ, do not expressly allege terminal elements. Appellant pleaded guilty to these specifications, and the appropriate providence inquiry was conducted. We have considered these specifications of the Article 134 charge in light of *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and find no prejudice to appellant and no relief warranted.

*Specification 3 of Charge III*

Similarly, Specification 3 of Charge III also does not expressly allege the required terminal element. While appellant was charged with and ultimately convicted of wrongful use of a false military identification card with the intent to deceive, he only pleaded guilty to the offense without the intent to deceive. The

---

[2] WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. SINCE THE MISSING TERMINAL ELEMENTS IN SPECIFICATION 1 – 4 OF CHARGE III CANNOT BE NECESSARILY IMPLIED FROM THE TEXT, THE CHARGES ARE FATALLY DEFECTIVE AND MUST BE DISMISSED.

providence inquiry clearly delineated the terminal element and shows appellant understood "under what legal theory he was pleading guilty." *Id*. Accordingly, under *Ballan* and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we find no prejudice to appellant and no relief warranted.

*Specification 4 of Charge III*

Specification 4 of Charge III also did not allege a terminal element of an Article 134, UCMJ, clause 1 or clause 2 offense, specifically, whether appellant's conduct was prejudicial to good order and discipline or service discrediting.

"The Government must allege every element expressly or by necessary implication, including the terminal element." *United States v. Fosler*, 70 M.J. 225, 232 (C.A.A.F. 2011). Pursuant to *Humphries*, even if this specification does not allege the terminal elements by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id*. at 215-16 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

In view of *Humphries*, we disapprove the finding of guilty as to the Article 134, UCMJ, offense alleged in Specification 4 of Charge III. The specification does not contain any allegation of the terminal element under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. As such, we now set aside appellant's conviction of wrongfully carrying concealed weapons. Appellant's first assignment of error, challenging the constitutionality of this conviction, is now moot.

In regards to sentencing, we conclude the military judge would have properly considered the evidence adduced regarding the weapons because the actions surrounding the concealed carrying were inextricably linked to the termination by apprehension of his desertion, for which appellant was properly convicted. "[T]he sentencing landscape would not have been drastically changed" by the absence of Specification 4 of Charge III. We are satisfied beyond a reasonable doubt the military judge would have adjudged a sentence no less than the sentence actually adjudged and approved. *See United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

**CONCLUSION**

The finding of guilty of Specification 4 of Charge III is set aside and that specification is dismissed. The remaining findings of guilty are affirmed.

KILBURN – ARMY 20100917

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence. We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4