# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain KENYON T. TADLOCK**
**United States Army, Appellant**

ARMY 20110366

United States Army Intelligence Center of Excellence and Fort Huachuca
Andrew J. Glass, Military Judge
Colonel Thomas C. Modeszto, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain Samuel Gabremariam, JA (on brief).

25 January 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification of fraternization and one specification of adultery, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 134 (2006) [hereinafter UCMJ], and contrary to appellant's pleas, convicted appellant of one specification of damaging non-military property, stalking, three specifications of assault consummated by a battery, two specifications of conduct unbecoming an officer and gentlemen, a second specification of adultery and one specification of communicating a threat, in violation of Articles 109, 120a, 128, 133

TADLOCK—ARMY 20110366

and 134, 10 U.S.C. §§ 909, 920a, 928, 933, 934, respectively.[*] The convening authority approved the adjudged sentence of a dismissal and confinement for six months.

The case is before the court for review under Article 66, UCMJ. Appellant asserts that Specifications 2 and 5 of Charge VI, adultery and communicating a threat, fail to state an offense because neither specification contains allegation of a terminal element as required under *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Appellant also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find the assigned error possesses merit and that the first matter raised under *Grostefon*, relative to the factual sufficiency of the evidence supporting conviction, possesses merit, in part. We also find that appellant's separate plea of guilty to adultery was improvident.

We agree with the government to the extent that normally appellant's plea of guilty to one specification of adultery would dispose of any complaint over notice in relation to a second contested adultery charge in the same court-martial. *See United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012). A provident plea to one would establish proper notice to defend against the other. *Id.* However, in the case at hand, appellant failed to admit facts sufficient to establish violation of either clause one or two of Article 134, UCMJ, as contemplated in *Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶62, Adultery, and failed to sufficiently signify his understanding of the terminal elements at stake in the contested charge. Though the judge defined the terminal elements initially, the factual basis elicited to support the plea was inadequate. Appellant never subsequently admitted sufficient facts to establish that his adulterous conduct had "an obvious, and measurably divisive effect on unit or organization discipline, morale, or cohesion, or [was] clearly detrimental to the authority or stature of or respect toward a servicemember." *Id.* Nor did appellant admit sufficient facts to establish that his adulterous conduct was "open or notorious." *Id.* Appellant's plea to clauses one and two was, in essence, based on speculative prejudice or discredit that falls short of the prejudice or discredit required to constitute criminal adultery under Article 134, UCMJ. *See generally id.* and *United States v. Jonsson*, 67 M.J. 624, 626–628 (C.G. Ct. Crim. App. 2009);

---

[*] One specification of rape, one specification of assault consummated by a battery, one specification of unlawful entry and one specification of obstruction of justice, in violation of Articles 120, 128, and 134, respectively, were dismissed. Appellant was acquitted of two specifications of damaging non-military property, one specification of rape, one specification of aggravated sexual assault, two specifications of aggravated sexual contact, two specifications of aggravated assault, five specifications of assault consummated by a battery, one specification of assault, six specifications of conduct unbecoming an officer and gentleman, and, one specification of kidnapping alleged in violation of Articles 109, 120, 128, 133 and 134, respectively.

2

*United States v. Perez*, 33 M.J. 1050, 1054–55 (A.C.M.R. 1991). The military judge, therefore, abused his discretion by accepting such a plea. *See generally United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008); *United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2008). In light of this misunderstanding, and failure by the judge to properly ensure appellant's requisite understanding of the law under the circumstances, we find lack of fair notice as to the terminal elements in relation to the contested adultery specification requiring reversal of that conviction as well. *See United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012); *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012).

We also find, under *Humphries*, the necessity to reverse appellant's conviction for communicating a threat, and, completing our review under Article 66, UCMJ, conclude that the evidence is factually insufficient to support appellant's conviction for damaging non-military property. *See Humphries*, 71 M.J. 209; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Further, we find the evidence to be factually insufficient as it relates to the words "a hinge, and break a door knob and bolt" contained within Specification 3 of Charge V. UCMJ art. 66(c); *Washington*, 57 M.J. at 399.

We therefore disapprove the findings of guilty as to Specification 3 of Charge I and Specifications 2, 4, and 5 of Charge VI; those findings are set aside and dismissed. In addition, we affirm only so much of the finding of guilty as to Specification 3 of Charge V as states that appellant "did, at or near Sierra Vista, Arizona, between on or about 15 May 2009 and 30 November 2009, wrongfully and intentionally, damage a door frame, at the quarters where SSG [TW] was living, which conduct, under the circumstances was conduct unbecoming an officer and gentleman," in violation of Article 133, UCMJ. The remaining findings of guilty are affirmed.

We have also considered the remaining matters posited for our review pursuant to *United States v. Grostefon*, 12 M.J. at 431, and find them to be without merit. Appellant suffers no prejudice in sentence in light of his erroneous convictions for adultery because the judge properly considered the adultery specifications and the fraternization specification, based on his adulterous conduct, as one for sentencing. *See United States v. Campbell,* 71 M.J. 19, 25 (C.A.A.F. 2012). In addition, we resolve that, under the circumstances of this case, a rehearing on sentence is unwarranted. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Sales*, 22 M.J. 305, and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we are confident that appellant would have received a sentence at least as severe as that adjudged. The sentence is, therefore, affirmed.

Senior Judge YOB and Judge BURTON concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court