# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant AARON P. STONE**
**United States Army, Appellant**

ARMY 20090332

Joint Readiness Training Center and Fort Polk
Charles D. Hayes, Military Judge
Lieutenant Colonel Paula I. Schasberger, Acting Staff Judge Advocate

For Appellant:  Major Laura R. Kesler, JA; Captain A. Jason Nef, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

11 February 2013

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of three specifications of willfully disobeying a superior commissioned officer, one specification of dereliction of duty, four specifications of maltreatment, eleven specifications of assault, and two specifications of obstructing justice, in violation of Articles 90, 92, 93, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 893, 928, 934 (2006) [hereinafter UCMJ].  The panel sentenced appellant to be reduced to the grade of Private E1, to forfeit all pay and allowances, and a bad-conduct discharge.  The convening authority reduced forfeitures to $933.00 pay per month for twelve months and approved the remainder of the adjudged sentence.

On 5 April 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence.  On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  *United States v. Stone*, 70 M.J. 356 (C.A.A.F. 21 Sep. 2011) (summ. disp.).  On 28 December 2011, after a review pursuant to

*Fosler*, we again issued a decision in this case, affirming the findings of guilty and the sentence. *United States v. Stone*, ARMY 20090332, 2011 WL 6965849 (Army Ct. Crim. App. 28 Dec. 2011) (summ. disp.).

On 10 July 2012, our superior court reversed the portion of our decision as to Charge V (redesignated), Specifications 1 and 2, and as to the sentence, and affirmed our decision as to the remaining charges and specifications. *United States v. Stone*, 71 M.J. 350 (C.A.A.F. 10 July 2012) (summ. disp.). The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further reconsideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *Id*. at 351. Consequently, appellant's case is before this court for a third time.

In this case, appellant pleaded not guilty to two specifications of obstructing justice in violation of Article 134, UCMJ, and neither of those specifications expressly alleged that appellant's conduct was to the prejudice of good order and discipline or service discrediting. Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), it was error to omit the terminal elements from these specifications.

Under the totality of the circumstances in this case, we conclude that the omission of the terminal elements from these specifications materially prejudiced appellant's substantial right to notice. UCMJ art. 59(a); *Humphries*, 71 M.J. at 215 (requiring a showing that "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice"). There is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element and the evidence was controverted as to at least one clause of Article 134, UCMJ. *See Humphries*, 71 M.J. at 215–16 (holding that to assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted'" (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002); *Johnson v. United States*, 520 U.S. 461, 470 (1997))). Accordingly, we are compelled to disapprove the findings of guilty as to the Article 134, UCMJ, offenses previously affirmed.

However, we are confident "that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). In this case, the penalty landscape is minimally changed, as appellant remains convicted of the most serious offenses, to include eleven specifications of assault. Therefore, in light of the remaining charges, we are confident a court would adjudge a sentence to at least a bad-conduct discharge, forfeiture of $933.00 pay per month for twelve months, and reduction to the grade of E-1.

## CONCLUSION

On consideration of the entire record, and in light of *Humphries*, the findings of guilty of Specifications 1 and 2 of Charge V (redesignated) are set aside and those specifications are dismissed without prejudice. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court