# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant OSBORN F. EDWARDS**
**United States Army, Appellant**

ARMY 20100399

Headquarters, 3rd Infantry Division and Fort Stewart
Tara A. Osborn, Military Judge
Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate (pretrial)
Colonel Jonathan C. Guden, Staff Judge Advocate (recommendation)
Lieutenant Colonel Michael K. Herring, Staff Judge Advocate (addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

30 April 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A panel of enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of conspiracy to commit aggravated assault, one specification of wrongful sexual contact, two specifications of aggravated assault, two specifications of indecent acts with a child, and one specification of indecent liberties with a child in violation of Articles 81, 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 920, 928, 934 (2006 & Supp. IV 2010) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for nine years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved eight years and ten months of confinement, but otherwise approved the remainder of the sentence as adjudged. The convening authority also credited appellant with four days against the sentence to confinement.

EDWARDS—ARMY 20100399

Appellant raises two assignments of error for our review under Article 66, UCMJ. However, only one issue merits brief discussion. Appellant asserts that the court must set aside and dismiss Charge III and its specifications made up of two specifications of indecent acts with a child and one specification of indecent liberties with a child because the pleadings do not allege the Article 134, UCMJ, terminal elements as required by *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). In consideration of our superior court's decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to set aside Charge III and its specifications.

When raised on the first time on appeal, the failure to allege a terminal element in an Article 134, UCMJ, specification is reviewed for plain error. *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012). Whether there is a remedy for the error depends on whether the error has prejudiced the substantial rights of the accused. *Id.* at 30. When conducting the prejudice analysis, appellate courts shall review the record closely "to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215–16.

After thorough review of the record, we find that there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's convictions for indecent acts with a child and indecent liberties with a child, and dismiss the defective specifications which failed to state an offense. Under these particular circumstances, we find that the penalty landscape has changed significantly enough to warrant a sentence rehearing. *United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F.2006) (Baker, J., concurring) (citation omitted); see also *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). We have also considered appellant's remaining assignment of error and matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and conclude that they are both without merit.

**CONCLUSION**

On consideration of the entire record, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), the findings of guilty of Charge III and its specifications are set aside and those specifications are dismissed without prejudice.

2

EDWARDS—ARMY 20100399

The sentence is set aside. The remaining findings of guilty are AFFIRMED. The same or a different convening authority may order a rehearing.[*]

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] *See generally* Rule for Courts-Martial 810(a), (d)(1), and (e).