# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
AYRES, KERN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class JESUS HERNANDEZ**
**United States Army, Appellant**

ARMY 20110471

Headquarters, U.S. Army Special Forces Command (Airborne)
Tara A. Osborn, Military Judge
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

22 May 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of attempted forcible sodomy, desertion, assault with intent to commit forcible sodomy, and indecent exposure, in violation of Articles 80, 85, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 885, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-four months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved a sentence to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. Appellant was credited with 190 days against his sentence to confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant argues that his convictions for assault with intent to commit forcible sodomy and indecent exposure must be set aside because they represent an

unreasonable multiplication of charges for findings. We agree and will take action in our decretal paragraph.[1]

## LAW AND DISCUSSION

Appellant's convictions for assault with intent to commit sodomy and indecent exposure are predicated upon the same criminal act as his attempted sodomy conviction: exposing his penis and attempting to place it in the victim's mouth. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

On balance, we find the *Quiroz* factors weigh in appellant's favor. At trial, appellant argued the specifications at issue were multiplicious for sentencing. The

---

[1] Our action with respect to these findings moots appellant's second assignment of error, alleging these Article 134, UCMJ, specifications fail to state an offense. *See, e.g.*, *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012).

military judge agreed and treated the offenses as merged for sentencing.[2] The record is lacking in any discussion, explicit or otherwise, whether the specifications at issue constitute an unreasonable multiplication of charges.[3] Although the military judge's ruling prevented appellant from being unfairly subjected to an increase in punishment, appellant's additional convictions ultimately exaggerate his criminality. Moreover, the assault with intent to commit sodomy and indecent exposure are not aimed at distinct, criminal acts. Accordingly, we conclude there was an unreasonable multiplication of charges in this case. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief).

## CONCLUSION

The findings of guilty of Specifications 1 and 2 of Additional Charge II, and Additional Charge II, are set aside. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Appellant's defense counsel conceded the specifications at issue were not multiplicious for findings. *See Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993).

[3] We note this case was decided before *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2013), where our superior court clarified that "there is only one form of multiplicity . . . if an offense is multiplicious for sentencing it must necessarily be multiplicious for findings as well."