# United States Navy-Marine Corps Court of Criminal Appeals

―――――――――――――

**UNITED STATES**
Appellee

**v.**

**Daniel W. SORRELLS**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201700324**

Decided: 13 March 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Military Judge:
Captain J. Andrew Talbert, JAGC, USN.

Sentence Adjudged: 26 July 2017 by a general court-martial convened at Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, total forfeiture of pay and allowances, confinement for three years,[1] and a dishonorable discharge.

For Appellant:
*Captain Matthew A. Blackwood, USMCR.*

For Appellee:
*Lieutenant Kimberly Rios, JAGC, USN;*
*Captain Sean M. Monks, USMC.*

―――――――――――――

―――――――――――――

[1] Pursuant to a pre-trial agreement, the Convening Authority suspended all confinement in excess of 18 months.

**This opinion does not serve as binding precedent,
but may be cited as persuasive authority under
NMCCA Rule of Practice and Procedure 30.2**

_____

Before WOODARD, HUTCHISON, and TANG,
*Appellate Military Judges.*

Judge TANG delivered the opinion of the Court, in which Chief Judge WOODARD and Senior Judge HUTCHISON joined.

TANG, Judge:

The appellant was found guilty, pursuant to his pleas, of attempted sexual assault of a child and attempted sexual abuse of a child in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920 (2012). The appellant asserts two assignments of error: (1) that Specification 1, alleging attempted sexual assault of a child, fails to state an offense because it did not state that the attempted penetration of a child's vulva by his finger and tongue were done with the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person; and (2) that his plea to Specification 1 was improvident because he was not properly advised of the elements of the offense. We find no prejudicial error and affirm.

## I. BACKGROUND

The appellant, a first-tour Marine stationed on Marine Corps Air Station Iwakuni, Japan, began corresponding with "Riley" in March 2017. Riley posted an advertisement on Whisper, a social media application, noting that she was located in Iwakuni. The ad title was, "So bored." The appellant answered Riley's advertisement and began corresponding with her.

Early in their conversation, Riley told the appellant that she was only 14 years old. In spite of Riley's age, the appellant continued to correspond with her and discussed meeting Riley for sex. Unbeknownst to the appellant, Riley was an online persona used by Naval Criminal Investigative Service (NCIS) personnel engaged in an operation to protect military dependent children from sexual exploitation. When the appellant went to Riley's house with a box of 12 condoms, expecting to have sex with her while her mother was away, NCIS agents apprehended him. In an interview with NCIS agents, the appellant admitted that he went to Riley's house intending to have sex with her, specifically intending to have vaginal intercourse, to digitally penetrate her, and to perform oral sex on her in order to gratify his own sexual desires.

The appellant was charged with attempted sexual assault of a child in Specification 1, which read, in pertinent part, that the appellant did:

> Attempt the sexual assault of a child, by traveling to the house of an individual, who he believed had not attained the age of sixteen years, to commit sexual acts, to wit: to penetrate her vulva with his penis, penetrate her vulva with his finger, and penetrate her vulva with his tongue.[2]

Additional facts necessary to the resolution of the two assignments of error are included in the discussion.

## II. DISCUSSION

The appellant avers that Specification 1, alleging an attempted violation of Article 120b(b), UCMJ, fails to state an offense because it does not explicitly allege that the appellant attempted to penetrate the victim's vulva with his finger and tongue with the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.

The text of Article 120b(b) states:

> Any person subject to this chapter who commits a sexual act upon a child who has attained the age of 12 years is guilty of sexual assault of a child and shall be punished as a court-martial may direct.[3]

Article 120b defines "sexual act" by referring to Article 120(g), which in turn defines the term as as either:

> (1) contact between the penis and the vulva or anus or mouth, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; or
>
> (2) the penetration, however slight, of the vulva or anus or mouth of another by any part of the body or by any object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.

This definition includes any penetration of the vulva by the penis, no matter the mental state of the accused. By contrast, penetration of the vulva by other body parts or objects must be accomplished with the intent to humili-

---

[2] Charge Sheet.

[3] 10 U.S.C. § 920b(b).

ate, harass, or degrade any person or to arouse or gratify the sexual desire of any person in order to qualify as a sexual act under the statute.

In the 2016 Manual for Courts-Martial, the President listed three elements for sexual assault of a child involving penetration of the vulva, anus, or mouth by "any part of the body" other than the penis or by "any object":

> (1) That the accused committed a sexual act upon a child by causing penetration, however slight, of the vulva or anus or mouth of the child by any part of the body or by any object;

> (2) That at the time of the sexual act the child had attained the age of 12 years but had not attained the age of 16 years; and

> (3) That the accused did so with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.[4]

Because Specification 1 does not specifically allege the third element listed in the Manual, the appellant avers the specification is fatally defective. For the reasons described below, we disagree.

## A. Specification 1 States an Offense

### 1. Waiver vs. forfeiture

As a threshold matter, the government argues that the appellant has waived his claim that the specification fails to state an offense because he did not raise the issue at trial and entered an unconditional guilty plea. We review *de novo* whether an appellant has waived a particular issue. *United States v. Ahern,* 76 M.J. 194, 197 (C.A.A.F. 2017).

A motion to dismiss a specification for failure to state an offense is a waivable motion.[5] RULE FOR COURTS-MARTIAL (R.C.M.) 907(b)(2)(E), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). Failure to raise most motions before the court-martial adjourns "shall constitute waiver." R.C.M.

---

[4] MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM) (2016 ed.), Part IV, ¶ 45b.b(3)(b).

[5] The President amended R.C.M. 907(b) by Exec. Order 13730, 81 Fed. Reg. 33,331, 33,336 (May 26, 2016). This amendment followed the Court of Appeals for the Armed Forces' holding in *United States v. Humphries,* 71 M.J. 209 (C.A.A.F. 2012), that the failure of a specification to state an offense was not structural error mandating reversal on appeal.

905(e).[6] However, a motion to dismiss for failure to state an offense is specifically excluded from such automatic waiver. *Id.*

Waiver is the "intentional relinquishment or abandonment of a known right," whereas "forfeiture is the failure to make the timely assertion of a right." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (internal quotation marks omitted). Depending on the "right at stake," the appellant may have to "participate personally in the waiver;" there may be "certain procedures . . . required for waiver;" or the appellant's choice may have to be "particularly informed or voluntary." *United States v. Girouard,* 70 M.J. 5, 10 (C.A.A.F. 2011).

We do not find evidence in the record that the appellant "intentional[ly] relinquish[ed]" a known right. *See Gladue,* 67 M.J. at 313. We will therefore consider the appellant's failure to raise this issue at trial as forfeiture and apply plain error review. *See United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012).

### 2. Notice pleading and the sufficiency of a specification

The military is a notice pleading jurisdiction. *United States v. Fosler,* 70 M.J. 225, 229 (C.A.A.F. 2011). Rule for Courts-Martial 307(c)(3) states that a specification must "allege[ ] every element of the charged offense expressly or by necessary implication." A charge is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974).

We review *de novo* the question of whether the specification states an offense. *United States v. Crafter,* 64 M.J. 209, 210 (C.A.A.F. 2006). In the context of a challenge to a defective pleading raised for the first time on appeal, the appellant has the "burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right," specifically his right to notice. *United States v. Humphries,* 71 M.J. 209, 214-15 (C.A.A.F. 2012) (quoting *Girouard,* 70 M.J. at 11) (internal quotation marks omitted).

---

[6] The President amended this rule by Exec. Order 13825, 83 Fed. Reg. 9889, 9984-85 (Mar. 8, 2018), for cases in which all charges were referred to court-martial on or after 1 January 2019. R.C.M. 905(e)(2) now makes the failure to raise such motions before adjournment "forfeiture, absent an affirmative waiver."

*3. The specification is sufficient, and the appellant was not prejudiced*

By alleging that the appellant attempted to commit sexual acts with Riley by penetrating her vulva with his finger and tongue, the specification necessarily implied that he attempted to do so with the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person. This intent is contained in the definition of "sexual act." Therefore, the appellant was on notice that the government was required to prove this intent.

Our holding is consistent with cases decided by our sister courts, the Army and Air Force Courts of Criminal Appeals. *See United States v. Robertson,* No. 20170022, 2018 CCA LEXIS 92 (A. Ct. Crim. App. 26 Feb. 2018) (unpub. op.), *rev. denied, United States v. Robertson*, 78 M.J. 100 (C.A.A.F. 2018); *United States v. Winston,* No. ACM 38402, 2014 CCA LEXIS 757 (A.F. Ct. Crim. App. 8 Oct. 2014) (unpub. op.), *rev. denied, United States v. Winston*, 74 M.J. 360 (C.A.A.F. 2015).

The appellant is entitled to a remedy only if he can show prejudice to a substantial right. *See Ballan,* 71 M.J. at 35. Here, the appellant fails to do so. There was a proper plea inquiry that "clearly delineate[d] each element of the offense and shows that the appellant understood 'to what offense and under what legal theory [he was] pleading guilty.'" *Id.* at 34 (second alteration in original) (quoting *United States v. Medina,* 66 M.J. 21, 26 (C.A.A.F. 2008)). As described more thoroughly below, the guilty plea inquiry established the elements of the offense, including that the appellant intended to gratify his sexual desires by attempting to penetrate Riley's vulva with his penis, finger, and tongue.[7]

## B. The Appellant's Guilty Plea was Provident

Military judges have broad discretion to accept guilty pleas. *United States v. Inabinette,* 66 M.J. 320 (C.A.A.F. 2008). We review the military judge's "decision to accept a guilty plea" applying an abuse of discretion standard. *Id.* at 322. We review *de novo* questions of law "arising from the guilty plea." *Id.* We must determine whether "the record as a whole show[s] a '"substantial basis"

---

[7] Even if the portions of the Specification (alleging attempted digital and oral penetration of the victim's vulva) should be dismissed as the appellant argues, that portion of the specification alleging penile penetration remains, and the appellant's plea to that sexual act remains provident. Reassessing the appellant's sentence pursuant to *United States v. Winkelmann,* 73 M.J. 11 (C.A.A.F. 2013), we determine that he would have received at least the same sentence.

in law and fact for questioning the guilty plea.'" *Id.* (quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)).

A military judge has a "duty to accurately inform an appellant of the nature of his offense and an essential aspect of informing . . . is a correct definition of legal concepts." *United States v. Murphy,* 74 M.J. 302 (C.A.A.F. 2015) (alteration in original) (other alterations and internal quotation marks omitted). But a "failure to . . . explain each and every element of the charged offense to the accused in a clear and precise manner is not reversible error if it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *Id.* at 308 (alterations and internal quotation marks omitted). We look not to a "technical listing of the elements," but rather to "determine whether an accused is aware of the elements, either explicitly or inferentially." *United States v. Redlinski,* 58 M.J. 117, 119 (C.A.A.F. 2003). Conducting this review, we find no substantial basis for questioning the guilty plea.

The appellant contends his plea to Specification 1 was not provident for three reasons. First, he argues that the military judge did not specifically recite the proper definition of "sexual act" to him, and he argues that the stipulation of fact was confusing because it incorrectly defined "sexual act." Second, he argues that the military judge erred by failing to inform him that the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person is an element of the offense. Third, he contends that the providence inquiry did not establish that he acted with the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person. We find that the appellant admitted his specific intent to commit all three sexual acts upon Riley, with the intent to gratify his own sexual desires. Therefore, there is no substantial basis to question his guilty plea.

During the providence inquiry, the military judge defined "sexual act" as:

> the penetration, however slight, of the vulva of a person by the penis or any part of the body of another person or by an object with the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.[8]

The military judge's definition is subject to two interpretations: (1) that regardless of the object or body part used to penetrate the vulva, the government must prove the requisite intent to abuse, humiliate, harass, or degrade

---

[8] Record at 22.

any person or to arouse or gratify the sexual desire of any person; or (2) that the requisite intent only applies to penetration of the vulva by a body part other than the penis or by an object. To the extent the provided definition could be understood to impart the stated intent to an act of penile penetration of the vulva, it is overly broad as the penetration of the vulva by the penis does not require that it be done with the described intent.

The stipulation of fact admitted as Prosecution Exhibit 1 defined "sexual act" as:

> the penetration, however slight, of the vulva or anus or mouth by the penis of another [sic] by any part of the body or by any object, with the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.[9]

This is a grammatically unsound sentence. With the word "or" added in between the words "another" and "by," the definition would be legally correct and would indicate that proof of intent is needed for object and digital penetration but not penile penetration. At worst, this sentence suggests that the requisite intent must be proven for penile penetrative acts. But the stipulation of fact is only an aid to the providence inquiry. It is the military judge's colloquy with the appellant that controls.

Even if the providence inquiry can be interpreted as erroneously grafting an unnecessary intent to the attempted sexual act by penile penetration of the victim's vulva, we find no substantial basis to reject the plea. At most, the military judge elicited additional information that was (1) not required to prove the offense of attempted penile penetration, and was (2) self-evident in the nature of the act.[10]

The appellant cites several cases in which an appellant's guilty plea was found to be improvident based upon the military judge's use of improper definitions.[11] We find these cases to be easily distinguishable.

---

[9] *See* PE 1 at 2.

[10] Congress required an intent for all sexual acts and sexual contacts *other* than penile penetration of the vulva, for which the act itself demonstrates the intent.

[11] The appellant cites *United States v. O'Connor,* 58 M.J. 450 (C.A.A.F. 2003); *United States v. Negron,* 60 M.J. 136 (C.A.A.F. 2004); *United States v. Michael,* No. 200600193, 2007 CCA LEXIS 14 (N-M. Ct. Crim. App. 30 Jan. 2007) (unpub. op.); and *United States v. Simmons,* No. 200400955, 2005 CCA LEXIS 218 (N-M Ct. Crim. App. 11 Jul. 2005) (unpub. op.).

We next analyze the appellant's argument that the military judge failed to inform him that the intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person is an element of the offense and the appellant's claim that the military judge failed to establish that the appellant acted with such an intent. We find that the record shows that the appellant "knew the elements, admitted them freely, and pleaded guilty because he was guilty." *Murphy,* 74 M.J. at 308.

After the military judge defined the term "sexual act," as previously described, the appellant agreed he understood the elements of the offense of attempted sexual assault of a child. He stated he understood that the offense of attempt required that he intend to commit every element of the underlying offense. He admitted he intended to penetrate Riley's vulva with his penis, his finger, and his tongue.

When asked to "tell [the military judge] in [his] own words" why he believed he was guilty of attempted sexual assault of a child, the appellant responded, "It was to satisfy my own sexual gratification, Your Honor."[12] He admitted his actions were wrongful. When the military judge asked, "And do you believe and admit that the actions you took were for the purpose of gratifying your sexual desires?" the appellant answered, "Yes, Your Honor."[13]

Although the appellant contends that the record is unclear as to whether these answers related to Specification 1 or 2, we disagree. The military judge discussed the specifications in turn and clearly ended his discussion of Specification 1 before beginning the inquiry about Specification 2.[14]

The appellant concedes that he twice told the military judge that he acted with the intent of gratifying his sexual desires. However, he argues that "it wasn't clear which act or acts the [appellant] was referring to when he made this statement."[15] The appellant's providence inquiry demonstrates that he

---

[12] Record at 24-25.

[13] *Id.* at 29.

[14] Shortly before reconfirming the appellant acted with the intention to gratify his own sexual desires, the military judge specifically explained, "And in a second – our inquiry later is going to be about . . . Specification 2. . . . Right now, I want to talk about Specification 1, so take me back to … the day you were going to the house; okay?" *Id.* at 25. Then, before commencing inquiry about Specification 2, the military judge asked whether either party desired further inquiry about Specification 1; then he said, "[N]ow, I'm going to talk about Specification 2," and then proceeded to list the elements for Specification 2. *Id.* at 29.

[15] Appellant's Brief of 31 Jan. 2018 at 20.

admitted his specific intent for all three acts, although for the attempted act of penile penetration, that admission, while self-evident, was not necessary. As a result, there was no substantial basis to question the appellant's plea and the military judge did not abuse his discretion in accepting it.

## III. CONCLUSION

We find that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c). Accordingly, the findings and the sentence are **AFFIRMED**.

Chief Judge WOODARD and Senior Judge HUTCHISON concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court